```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/26/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

V CARS, LLC,

                        Plaintiff,

      - against -

ISRAEL CORPORATION,

                       Defendant.

09 Civ. 8969 (PGG)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

PAUL G. GARDEPHE, U.S.D.J.:

       After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. All parties consent to conducting further proceedings before a Magistrate Judge, other than dispositive motions and trial, pursuant to 28 U.S.C. § 636(c).

2. This case is to be tried to a jury.

3. No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date Defendants file their responsive pleading.

4. A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

5. Defendant shall file an Answer or otherwise respond to the Amended Complaint no later than **June 1, 2010**.

6. The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 14 days from the date of this Order.

7. The parties must complete <u>fact</u> discovery no later than **October 11, 2010**.

8. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

    a.    Serve initial requests for production of documents by June 15, 2010.

    b.    Serve interrogatories by June 15, 2010.

    c.    Complete depositions of fact witnesses by October 11, 2010.

   i. Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

   ii. There is no priority in deposition by reason of a party's status as plaintiff or defendant.

   iii. Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

   iv. Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

    d.    Serve requests to admit no later than October 11, 2010.

9. <u>Expert Testimony on Liability</u>:  If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all expert discovery by the date set forth in paragraph 8(c).

   a. Every party-proponent that intends to offer expert testimony on liability in respect of a claim—including any counterclaim, cross-claim or third-party claim—must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by November 11, 2010.  Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by December 9, 2010.

   b. No party may offer expert testimony on liability—whether designated as "rebuttal" or otherwise—beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than December 21, 2010.  The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(c).

   c. All <u>expert</u> discovery on liability —including expert depositions, if any—must be completed no later than **January 11, 2011**.

   d. Plaintiff anticipates expert testimony concerning the following issues: The valuation of its intellectual property, the valuation of lost future profits, the accounting for Plaintiff's expenses.

   e. Defendant anticipates expert testimony concerning the following issues: The Chinese automotive industry, North American automobile markets, damages issues, valuation of intellectual property, and other rebuttal of Plaintiff's expert witnesses.

10. <u>Expert Testimony on Damages</u>: A schedule concerning expert discovery on damages will, if necessary, be set after resolution of any dispositive motions pursuant to the schedule outlined in paragraph 12.

11. <u>Settlement</u>: No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

12. Parties may make dispositive motions in accordance with the Court's Individual Practices and the following schedule:

    a. Parties must serve moving papers, if any, by **January 17, 2011**.

    b. Parties must serve opposition papers, if any, by **January 31, 2011**.

    c. Parties must serve reply papers, if any, by **February 7, 2011**.

13. A date for submission of a joint pretrial order will be set after resolution of any dispositive motions and after a schedule has been set for expert discovery on damages.

14. Counsel for the parties have conferred and their present best estimate of the length of trial is: 7 days.

15. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance—signed by all parties—before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

16. The Court will hold a subsequent pre-trial conference in this matter on **October 12, 2011 at 10:00 AM**.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and must be made no less than five (5) days before the expiration of the date sought to be extended.

Dated: New York, New York
May 26, 2010

SO ORDERED

_____
Paul G. Gardephe
United States District Judge

3